**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 1:25-cr-00054-JRH-BKE** |
| | ) | |
| **MARCUS PHILLIPS, AND** | ) | |
| **ROBERT ROBERSON** | ) | |

**MOTION IN LIMINE TO ADMIT PERTINENT EXCERPTS FROM**
**VOLUNTARY NON-CUSTODIAL INTERVIEWS OF DEFENDANTS**

NOW COMES the United States of America, through the undersigned attorneys, and files this motion in limine to admit pertinent excerpts from voluntary non-custodial interviews of the Defendants, pursuant to Federal Rule of Evidence ("Rule") 801(d)(2)(A) (statements of a party-opponent), and to preclude the Defendants from offering additional self-serving hearsay statements from those interviews that do not implicate the rule of completeness.

## I.      Background Facts

The charges in the indictment arise out of an incident in the Special Mental Health Treatment Unit ("SMUTU") of Augusta State Medical Prison ("ASMP"), in which Correctional Officers Robert Roberson and Marcus Phillips watched inmate T.G. set a fire in his locked cell and, rather than extinguish the fire, remove him from his cell, or call a fire emergency over the radio, they left T.G. in his cell for hours, as T.G. and other inmates pleaded for help, while T.G. slowly died of smoke inhalation. ECF 1.  This incident gave rise to a state criminal investigation, a federal civil lawsuit, and a federal criminal investigation.

1

The state criminal investigation was conducted by agents with the Criminal Investigations Division of the Office of Professional Standards ("OPS") for the Georgia Department of Corrections.  On the night of T.G.'s death, OPS agents responded to the scene to conduct voluntary, non-custodial interviews of witnesses and subjects, including the two officers on duty in the SMUTU: Defendants Robert Roberson and Marcus Phillips.  After gathering additional evidence, OPS agents returned the following month to conduct follow-up interviews of witnesses and subjects, including Defendants Roberson and Phillips.  The initial and follow-up OPS interviews of Defendants Roberson and Phillips were audio-recorded, and the complete transcripts of their interviews are appended to this Motion as Exhibits A (Roberson initial interview), B (Roberson follow-up interview), C (Phillips initial interview), and D (Phillips follow-up interview).

The federal civil lawsuit—*Loyal v. Georgia Department of Corrections, et al.*, Case No. 1:22-cv-84-JRH-BKE (S.D. Ga.)—sought civil damages for T.G.'s wrongful death.  In connection with that lawsuit, which eventually settled for $5 million, Defendant Roberson was questioned under oath about the incident in a sworn deposition.  Defendant Roberson's deposition was audio- and video-recorded, and the complete transcript of his deposition is appended to this Motion as Exhibit E.  Defendant Phillips was not deposed.

A federal criminal investigation was opened by the Federal Bureau of Investigation.  On July 14, 2025, Defendant Phillips sat for a voluntary, non-custodial interview in his home by an FBI agent and a DOJ attorney.  That FBI interview was

audio-recorded, and the complete transcript of the interview is appended to this Motion as Exhibit F.

Rather than introduce into evidence the complete recordings of the Defendants' voluntary non-custodial interviews, which would take a full day of trial and would potentially give rise to both a *Bruton*[1] issue and a *Doyle*[2] issue, the United States intends to offer into evidence audio- and video-recordings of pertinent excerpts from those interviews. To facilitate the Court's review of those pertinent excerpts and resolution of this motion, transcripts of the excerpts the United States will seek to introduce are appended to this Motion as Exhibits A-1 through A-4, B-1 through B-6, C-1 through C-7, D-1 through D-3, E-1 through E-4, and F-1 through F-10.

## II.    <u>Argument</u>

Audio-clips of pertinent excerpts of the Defendants' voluntary interviews about the charged incident are admissible because they are plainly relevant to the charged offenses, they are nonhearsay statements of a party-opponent under Rule 801(d)(2)(A), and they do not implicate the rule of completeness.

---

[1] The *Bruton* rule bars the government from introducing "statements by a non-testifying defendant which directly inculpate a co-defendant." *United States v. Joyner*, 899 F.3d 1199, 1206 (11th Cir. 2018) (citing *Bruton v. United States,* 391 U.S. 123 (1968)). Applied to this case, the *Bruton* rule would bar the government from introducing an out-of-court statement by Defendant Roberson that directly inculpates Defendant Phillips, and vice versa. To avoid a *Bruton* issue, the government did not include, within any of the excerpts it seeks to introduce, any statements by Defendant Roberson that directly inculpate Defendant Phillips and any statements by Defendant Phillips that directly inculpate Defendant Roberson.

[2] The *Doyle* rule bars the government from introducing evidence of the defendant's invocation of his right to remain silent. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). During his civil deposition, Defendant Roberson answered some questions and formally invoked his Fifth Amendment right to refuse to answer other questions that might incriminate him. To avoid a *Doyle* issue, the deposition excerpts the government seeks to introduce include only the questions Defendant Roberson chose to answer and do not reference his invocation of his right to remain silent.

## A.    Background Law

It is settled law that the prosecution may offer out-of-court statements made by a defendant pursuant to the hearsay exception for statements by a party-opponent. *See* Fed. R. Evid. 802(d)(2)(A) (excluding from the hearsay rule the statement of an opposing party); *United States v. Munoz*, 16 F.3d 1116, 1120 (11th Cir.1994) ("[A] statement is not hearsay if it is the statement of the party against whom it is offered"); *United States v. Cooper*, 926 F.3d 718, 732 (11th Cir. 2019) (defendant's recorded statements elicited by the prosecution are "admissible as those of a party opponent").

If the prosecution offers into evidence a defendant's out-of-court statements, the prosecution is also permitted to offer into evidence statements by others that provide context for the defendant's statements, such as questions posed to the Defendant by a third party. *Cooper*, 926 F.3d at 732 ("AO's statements on the recording were not hearsay because they were not admitted to prove the truth of the matters asserted, but to give context to the admissible statements."). That rule makes good sense: admitting a defendant's answers to questions by a third party, but excluding the questions posed by the third party, would render a defendant's statements unintelligible, as the Eleventh Circuit has recognized:

> Defendant makes a rather unconventional argument. He contends that whenever admission of a tape-recorded conversation is sought, only the statements of the party against whom the conversation is being admitted (here Defendant) can be admitted. The statements of the other participant in the conversation (here Lucienne) are not admissible, according to Defendant, because they are out-of-court statements that should be excluded as hearsay. If Defendant's position were correct, it would mean that, except for the criminal defendant against whom the statements are being admitted, the voice of any other participant to the taped conversation would have to be removed. Further, any accompanying transcript of the

4

conversation would have to redact any statements not made by the defendant. In other words, the jury would hear only a soliloquy by the defendant, with no knowledge of the substance of any comments by others to whom the defendant was responding. Unable to discern the context of a defendant's remarks, a jury would almost never be able to make much sense of a defendant's statements. In effect, Defendant's argument would cast doubt on a longstanding practice, occurring over decades and in innumerable trials, of permitting the jury to hear a taped conversation between a defendant and another person.

*United States v. Rivera*, 780 F.3d 1084, 1091 (11th Cir. 2015). In summary, a defendant's interview with an investigator is admissible in full as the statement of a party-opponent if it is offered by the prosecution.

By contrast, a "defendant may not introduce his own exculpatory statement through another witness without subjecting himself to cross-examination." *United States v. Vernon*, 593 F. App'x 883, 890 (11th Cir. 2014); *see also United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement . . . without subjecting himself to cross-examination."); *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) ("Obviously, the defense sought to place [defendant's] remarks before the jury without subjecting [him] to cross-examination. This is precisely what is forbidden by the hearsay rule. On appeal, counsel for the appellants inexplicably argue that [defendant's] out-of-court statement—that he believed only mail was aboard the plane—was not hearsay because it was offered to prove only that [defendant] had no knowledge of the plane's illicit cargo. Again, this is precisely the issue on which the statements clearly would be offered for their truth, and therefore the issue on which the remarks are unquestionably hearsay."); *United States v. Maynor*, No. CR418-167, 2019 WL 5549864, at *1 (S.D. Ga. Oct. 25, 2019) ("If Defendant, without subjecting

5

himself to cross-examination, seeks to introduce his out-of-court statements to prove that he had no knowledge of the firearm or did not possess it, then the statements go to the truth of the matter asserted and those statements constitute hearsay.").

Allowing a defendant to offer his statements into evidence through other witnesses would "effectuate an end-run around the adversarial process by, in effect," giving him the chance to "testify[] without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005); *see also United States v. Kimball*, 15 F.3d 54, 55-56 (5th Cir. 1994) ("A defendant seeking to testify and make exculpatory statements must face cross-examination. That is a basic rule of our adversary system.").

Federal Rule of Evidence ("Rule") 106, commonly referred to as the rule of completeness, provides a limited exception to the rule that defendants may not put into evidence their own out-of-court statements without taking the stand and subjecting themselves to cross-examination. Fed. R. Evid. 106. Rule 106 provides that when one party introduces "all or part of a statement, an adverse party may require the introduction . . . of any other part—or any other statement—that in fairness ought to be considered at the same time." *Id.*  The rule of completeness was designed to avoid a "misleading impression created by taking matters out of context." Advisory Committee Notes to 1972 Proposed Rule 106.

The rule of completeness does not mandate the introduction of a defendant's entire statement if any clip or portion of that statement is introduced into evidence. *See* Advisory Committee Notes to 2023 Amendments to Rule 106 (noting, for example,

6

that "the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial"); *United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011) ("FRE 106 'does not automatically make the entire document admissible.'"); *United States v. Pendas–Martinez*, 845 F.2d 938, 944 (11th Cir. 1988) ("Once a part of a document can be said to have been introduced, Rule 106 does not automatically make the entire document admissible."); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (explaining that it is "perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them").

Rather, "the 'rule of completeness' is 'violated only when the statement in its edited form . . . effectively distorts the meaning of the statement or excludes information substantially exculpatory of the nontestifying defendant.'" *United States v. Range*, 94 F.3d 614, 621 (11th Cir. 1996) (quoting *United States v. Lopez*, 898 F.2d 1505, 1511 n.11 (11th Cir. 1990)).  Thus, Rule 106 comes into play only if a party offers an excerpt of a statement that gives a misleading impression; in which case, "[t]he rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *Lanzon*, 639 F.3d at 1302.

With that in mind, the Eleventh Circuit requires a defendant seeking to admit his own statements under the rule of completeness to make two showings. First, the defendant must show that "the statement in its edited form . . . effectively distorts the meaning of the statement or excludes information substantially exculpatory of

7

the nontestifying defendant." *Range*, 94 F.3d at 621.  Second, a defendant must establish that the additional portion of the statement that the defendant seeks to introduce is "relevant to an issue in the case and necessary to clarify or explain the portion received." *Id.* at 621; *see also United States v. Pendas–Martinez*, 845 F.2d 938, 944 (11th Cir. 1988).  In line with this approach, the Eleventh Circuit has consistently upheld the exclusion of hearsay statements offered by defendants who fail to make both of these showings.

In *United States v. Range*, 94 F.3d 614, 620 (11th Cir. 1996), the government called an FBI agent to testify about the defendant's post-arrest statements which indicated that the defendant knew about the gun recovered in a car he had been driving.  On cross-examination, defense counsel sought to elicit a later statement by the defendant that his co-defendant had placed the gun in the car. *Id.* The defense argued that the government "opened the door" by offering a portion of the defendant's statements so the rule of completeness permitted the defense to put into evidence "the balance of his statement." *Id.* The district court disagreed and so did the Eleventh Circuit. *Id.* at 621. Because the "redacted version did not distort [the defendant's] statement," the rule of completeness did not compel the admission of the additional portion of the defendant's statement. *Id.*

The Eleventh Circuit reached the same result in *United States v. Lanzon*, 639 F.3d 1293 (11th Cir. 2011). There, the government introduced transcripts of instant messages from an online chat room, and defense counsel argued that the full instant message transcripts should be introduced under the rule of completeness. *Id.* at 1302.

8

The district court denied the defense's request, and the Eleventh Circuit affirmed, finding that the defense did not carry its burden of explaining how "additional material would qualify, explain, or place into context" the portion admitted into evidence. *Id.*

### B.   Legal Analysis

The foregoing legal principles apply straightforwardly to this case

Audio- and video-clips of pertinent excerpts of the Defendants' voluntary, non-custodial interviews about the charged incident, which are appended to this motion as Exhibits A-1 through A-4, B-1 through B-6, C-1 through C-7, D-1 through D-3, E-1 through E-4, and F-1 through F-10, are admissible because they are plainly relevant to the charged offenses and they are nonhearsay statements of a party-opponent under Rule 801(d)(2)(A).  Because those clips do not create any misleading impressions, the Defendants should not be permitted, under the guise of the rule of completeness, to offer additional self-serving hearsay statements from those interviews in an attempt to testify without taking the stand and subjecting themselves to cross-examination. *Cunningham*, 194 F.3d at 1199 ("[A] defendant cannot attempt to introduce an exculpatory statement . . . without subjecting himself to cross-examination.").

If the Defendants disagree, they bear the burden of identifying any excerpts that, in their view, create a misleading impression and offering "specific portions" of the remaining statement that correct the misleading impression "so that the district court can assess their admissibility on fairness grounds." *United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024).  Because "[t]hat obligation would be unduly burdensome for a district court during trial," *id.*, and would result in avoidable delays

in the middle of trial, the United States respectfully submits that any rule-of-completeness objections should be raised by May 12, 2026, the deadline for responses to motions in limine, ECF 35, so the parties may litigate them and the Court may resolve them before the jury is impaneled.

## III.    Conclusion

For the foregoing reasons, the Government respectfully requests an in limine order: (1) admitting the attached audio- and video-clips from the OPS interviews of Defendants Roberson and Phillips, the civil deposition of Defendant Roberson, and the FBI interview of Defendant Phillips (Exhibits A-1 through A-4, B-1 through B-6, C-1 through C-7, D-1 through D-3, E-1 through E-4, and F-1 through F-10); and (2) precluding the Defendants from offering additional self-serving hearsay statements that do not implicate the rule of completeness.

HARMEET K. DHILLON
Assistant Attorney General

MARGARET E. HEAP
United States Attorney

*s/Christopher J. Perras*
Christopher J. Perras
Special Litigation Counsel
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Massachusetts State Bar No. 682002
Telephone: (202) 307-6962
Email: christopher.perras@usdoj.gov

*s/Jennifer Kirkland*
Jennifer Kirkland
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
New York Bar 4838611
Telephone: 912-201-2567
Email: jennifer.kirkland@usdoj.gov

*s/Sarah Armstrong*
Sarah Armstrong
Trial Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 24th day of April 2026.


HARMEET K. DHILLON
Assistant Attorney General

MARGARET E. HEAP
United States Attorney


*s/Christopher J. Perras*
Christopher J. Perras
Special Litigation Counsel
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Massachusetts State Bar No. 682002
Telephone: (202) 307-6962
Email: christopher.perras@usdoj.gov

*s/Jennifer Kirkland*
Jennifer Kirkland
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
New York Bar 4838611
Telephone: 912-201-2567
Email: jennifer.kirkland@usdoj.gov


*s/Sarah Armstrong*
Sarah Armstrong
Trial Attorney